*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* EPPS, Minor.

UNPUBLISHED
February 22, 2024

No. 366842
Wayne Circuit Court
Family Division
LC No. 2023-000432-NA

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating his parental rights to his minor child, ESE. On appeal, respondent challenges only the trial court's best interest findings. We affirm.

## I. BACKGROUND

In January 2023, respondent threatened ESE's mother with a gun, punched her in the presence of her minor children, said nobody would "leave alive," then fled the residence before crashing his vehicle and being taken into police custody. Two days after the incident, Child Protective Services (CPS) received a complaint that alleged improper supervision and domestic violence between respondent and ESE's mother. During the course of its investigation, CPS substantiated an incident from September 2022, where respondent aimed a handgun at ESE's mother, fired the gun in the air, took ESE from her mother, and then went on a high-speed chase with ESE in the car, all while running from the police and threating to shoot at officers. Respondent was subsequently arrested. CPS also substantiated an incident from October 2021, where respondent assaulted ESE's mother, then barricaded himself and the children in the home

---

[1] The petition in this case also named ESE's mother as a respondent and requested that ESE and the mother's other minor children be temporarily removed from the mother's custody but did not request the termination of the mother's rights. The mother is not a party to this appeal. Accordingly, we simply refer to respondent-father as "respondent" and respondent-mother as "ESE's mother."

with an unsecured shotgun before eventually surrendering to police. Respondent admitted his domestic violence and excessive drinking to a CPS investigator.

In March 2023, petitioner filed a petition requesting that the trial court take jurisdiction over ESE under MCL 712A.2(b)(1) and (2), and terminate respondent's parental rights to ESE under MCL 712A.19b(3)(g) (failure to provide proper care or custody) and (j) (reasonable likelihood child will be harmed if returned to the parent). Petitioner claimed that respondent presented a risk of harm to ESE given his history of domestic violence towards ESE's mother with ESE and her other children present, his substance abuse, and his mental health issues. Because ESE's mother continued to allow respondent access to ESE and her other minor children and she refused to participate in domestic violence services, petitioner requested that the children be temporarily removed from the mother's custody but did not request the termination of the mother's rights. The trial court authorized the petition, removed ESE from the mother's custody, and suspended all contact between respondent and ESE.

At the joint adjudication and dispositional hearing, respondent pleaded no contest as to jurisdiction and the grounds for termination. Relying on respondent's no-contest plea, the trial court found by a preponderance of the evidence that it had jurisdiction over ESE pursuant to MCL 712A.2(b)(1) and (2) and that there was clear and convincing evidence that respondent's parental rights should be terminated under MCL 712A.19b(3)(j).

Subsequently, a best-interest hearing was held. The trial court provided a detailed summary of the facts it considered, which included respondent's history of domestic violence, his daily substance abuse, his failure to seek treatment for his mental health diagnosis for over 10 years, his propensity for violence when under the influence of drugs and alcohol, and his failure to include sobriety or mental health in his plan to avoid CPS or court involvement in the future. The court recognized that a bond existed between respondent and ESE, that ESE was placed with a relative, and that respondent regularly visited ESE and provided support when he was not incarcerated. The trial court acknowledged that these factors weighed in favor of not terminating respondent's parental rights. But the trial court found that those factors were outweighed by respondent's inability to parent ESE due to his mental health problems, violent tendencies, and his significant long-term substance abuse that remained unaddressed. The trial court determined that respondent presented a risk of harm to ESE, ESE's mother, and himself. The trial court found by a preponderance of the evidence that it was in ESE's best interests to terminate respondent's parental rights because ESE was at risk for future abuse and/or neglect by respondent, and respondent would be unable to provide the necessary permanency and stability to ESE. This appeal followed.

## II. ANALYSIS

In his sole issue on appeal, respondent argues that the trial court clearly erred by finding that termination of his parental rights was in ESE's best interests. We disagree.

We review a trial court's decision that termination is in a child's best interests for clear error. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In*

-2-

*re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

"If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests." *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (cleaned up); see also MCL 712A.19b(5). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (cleaned up). A court may also consider whether it is likely that a child could be returned to a parent's home "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Other relevant factors include "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). The trial court may also consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). Finally, because a child's placement with a relative militates against termination, see MCL 712A.19a(8)(a), "the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *Olive/Metts*, 297 Mich App at 43.

Respondent argues that termination is not in ESE's best interests because respondent has never physically injured ESE, is bonded with ESE, has not yet started a treatment plan for his substance abuse problems, which if completed would eliminate any risk of harm to ESE, and ESE is being placed with a relative instead of being put up for adoption. A preponderance of the evidence in the record supports that respondent has repeatedly endangered the life of ESE with no regard for her safety or well-being. Respondent has also failed to address his severe substance abuse and mental health issues for more than a decade, and had not shown motivation to make the necessary changes to address those issues. Because of ESE's need for permanency, stability, and finality, ESE cannot wait for respondent to seek treatment. The trial court carefully reviewed evidence that weighed in favor of not terminating respondent's parental rights, such as the bond between respondent and ESE and that ESE is placed with a relative, but determined that respondent's substance abuse, mental health problems, and propensity for violence outweighed those other factors. We conclude that the trial court did not clearly err by finding that termination of respondent's parental rights was in the best interest of ESE.

Affirmed.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan